IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | Criminal Action No. |
| v. | : | 2:18-CR-18-RWS-JCF |
| | : | |
| HUNG VAN NGUYEN, MINH LUONG, | : | |
| HANG MAI NGUYEN, NAM VAN DAO, | : | |
| MINH NGUYEN, BINH VAN HOANG, | : | |
| THU THI PHAN | : | |

## ORDER and NON-FINAL REPORT AND RECOMMENDATION

These cases are before the Court on Defendants' Motions For Names Of Unindicted Co-Conspirators (Docs. 126, 145, 158, 197) and Motions To Sever (Docs. 125, 129, 138, 146, 157, 160, 182, 196, 259, 263).

## Factual and Procedural Background

Count One of an Indictment filed on May 16, 2018 (Doc. 1) charges 13 individuals, including moving Defendants, with one count of conspiracy to manufacture and distribute at least 100 kilograms of marijuana and to manufacture and possess with intent to distribute at least 100 marijuana plants from March 1, 2014 until September 30, 2017. Counts Two through Five charge Defendants Hung Van Nguyen, Minh Luong, Phi Ngoc Luong, Hang Mai Nguyen, and Thao Phoung Nguyen with manufacturing and possessing marijuana with the intent to distribute at 4025 Ashford Way, Gainesville, Georgia and at 1363 Beringer Drive, Hoschton, Georgia on September 18, 2017. Counts Six and Seven charge Defendants Trung

1

Bui and Minh Luong with manufacturing and possessing marijuana with intent to distribute at 137 Blanc Way, Braselton, Georgia on September 19, 2017.  Counts Eight and Nine charge Trung Bui, Sen Thi Do, Phu Vinh Oanh, Hung Van Nguyen, Minh Luong, and Phi Ngoc Luong with manufacturing and possessing marijuana with intent to distribute at 3569 Davis Bridge Drive, Gainesville, Georgia on September 20, 2017.  Counts Ten and Eleven charge Nam Van Dao and Minh Nguyen with manufacturing and possessing marijuana with intent to distribute at 4371 Shag Bark Drive, Gainesville, Georgia on September 20, 2017.  Counts Twelve and Thirteen charge Bin Van Hoang and Vinh To with manufacturing and possessing marijuana with intent to distribute at 4748 Melbourne Trail, Flowery Branch, Georgia on September 20, 2017.  Count Fourteen charges Bin Van Hoang and Thu Thi Phan with possessing marijuana with intent to distribute at 3708 Fern Creek Drive, Flowery Branch, Georgia on September 20, 2017.  These charges arose from a law enforcement investigation of several locations, including those listed in the Indictment, where hundreds of marijuana plants had been or were being grown and/or stored. (*See* Doc. 191 at 2-3; *see also* Doc. 244 at 8-18). The Government has proffered that "[t]he investigation established that the houses that were being used as indoor marijuana grows were set up identically and that the equipment that was being used to grow the marijuana indoors was the same," and "as some of the addresses listed in the indictment and at other addresses not listed in the indictment, agents found mail and other documents linking various defendants to various

2

addresses that were difference from the address where the mail and/or documents were found." (Doc. 191 at 3).  Defendants have moved to suppress evidence seized during searches conducted during that investigation, and the Court conducted several days of hearings on those motions.  (*See* Docs. 207, 201, 217, 222, 224, 233, 240).  Briefing on those motions is not yet complete.

Defendants have also moved to sever trial of their cases from their co-defendants (Docs. 125, 129, 138, 146, 157, 160, 182, 196, 259, 263) and moved for the names of unindicted co-conspirators (Docs. 126, 145, 158, 197).  With briefing on those motions complete, the Court turns to their merits.

## Discussion

## I.      Motions For Names Of Unindicted Co-Conspirators (Docs. 126, 145, 158, 197)

Defendants move for the disclosure of the names of any unindicted co-conspirators, noting that the multi-count indictment alleges a conspiracy that includes the named Defendants and "others known and unknown." (*See* Doc. 126 at 1; *see also* Doc. 1 at 2).  The Government states in response that it "does not object to providing the names of unindicted co-conspirators" but "at this time the Government is not aware of the identities of any unindicted co-conspirators." (Doc. 192 at 1).  The Government asserts that if it "learns of the identity of one or more unindicted co-conspirators before trial, the Government will provide the name or names to defendant." (*Id.*).  Based on the Government's representations, the Court

**DENIES AS MOOT** Defendants' motions seeking disclosure of the names of unindicted co-conspirators (Docs. 126, 145, 158, 197).  If the Government learns the identity of any unindicted co-conspirators, it is **DIRECTED** to provide Defendants with the name(s) within 10 days of obtaining that information.

## II.   Motions To Sever (Docs. 125, 129, 138, 146, 157, 160, 182, 196, 259, 263)

Defendants move to sever the trial of their cases from their other co-defendants pursuant to Fed. R. Crim. P. 8(b) for improper joinder and pursuant to Fed. R. Crim. P. to prevent compelling prejudice to Defendants if they are jointly tried.  (*See* Docs. 125, 129, 138, 146, 157, 160, 182, 196, 259, 263).

### A.   Whether Defendants Were Properly Joined Under Rule 8(b)

Rule 8(b) provides:

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

FED. R. CRIM. P. 8(b).  Defendants argue that the Indictment does not allege and evidence produced in discovery does not show that they are linked by a common 'act or transaction, or in the same series of acts or transactions,' " i.e., that links each to the other locations at issue or transactions charged in the other counts alleged in the Indictment or that shows that they participated in the same acts or transactions or series of acts and transactions as their co-defendants.  (*See* Doc. 125 at 1, 5; Doc. 129 at 3; Doc. 138 at 2; Doc. 259 at 1-2).  Their contentions are unavailing.

4

"To meet the 'same series of acts or transaction' requirement of Rule 8(b), the government must demonstrate that the acts alleged are united by substantial identity of facts or participants; however, there is no requirement that each participant participate in all acts or even know the other participants' roles in the alleged activities.' " *United States v. Taylor*, No. 1:16-CR-145-TWT-JKL-13, 2018 U.S. Dist. LEXIS 179282, at *25 (N.D. Ga. Mar. 23, 2018) (quoting *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992)), *adopted by* 2018 U.S. Dist. LEXIS 179068 (N.D. Ga. Oct. 18, 2018). Moreover, "[j]oinder is proper where, as here, the indictment charges multiple defendants with participation in a single conspiracy."[1] *Id.* (citing *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985)); *see also United States v. Kopituk*, 690 F.2d 1289, 1313 (11th Cir. 1982) ("It is well established that substantive offenses arising out of a single conspiracy can properly be joined, since the conspiracy provides a common link connecting the offenses."). "The general rule is that defendants indicted together should be tried together,

---

[1] Defendants contend that the Indictment does not charge a single conspiracy, but instead alleges parallel conspiracies "unconnected to the allegations against" the other co-defendants. (*See* Doc. 129 at 4; Doc. 138 at 4-5; Doc. 259 at 4). The Indictment itself does not describe multiple or parallel conspiracies, however. Moreover, "[t]here [is] no initial error of allowing misjoinder based on charging a single conspiracy later found to be – based on the evidence presented at trial – multiple conspiracies." *United States v. Bercoon*, No. 1:15-CR-022-LMM-JFK, 2016 U.S. Dist. LEXIS 188703, at *99 (N.D. Ga. Aug. 31, 2016), *adopted by* 2017 U.S. Dist. LEXIS 115687 (N.D. Ga. July 25, 2017).

especially in conspiracy cases." *Taylor*, 2018 U.S. Dist. LEXIS 179282, at \*25 (citing *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009)).

As to Defendants' assertions about what the evidence produced to date shows or does not show, "Rule 8(b) is a pleading rule, and courts look to the indictment to determine whether joinder is proper under that rule." *Id.* at \*26 (citing *United States v. Liss*, 265 F.3d 1220, 1227 (11th Cir. 2001) and *United States v. Melvin*, 143 F. Supp. 3d 1354, 1363 (N.D. Ga. 2015)).  Here the Indictment charges all Defendants with participating in a conspiracy to manufacture, distribute, and possess with intent to distribute marijuana and then charges each Defendant with the substantive offense of manufacturing and/or possessing marijuana with intent to distribute.  (Doc. 1). Given those allegations, "the Court readily concludes that joinder is proper under the 'same series of acts or transaction' requirement of Rule 8(b)." *Taylor*, 2018 U.S. Dist. LEXIS 179282, at \*26.  The undersigned therefore finds that Defendants are properly joined under Rule 8(b).  *See, e.g.*, *Taylor*, 2018 U.S. Dist. LEXIS 179282, at \*25-26 (rejecting defendant's argument that "because the indictment alleged that he was involved in just one incident that involves one of his codefendants," he was improperly joined with other alleged members of a conspiracy); *United States v. Johnson*, No. 1:16-CR-145-TWT-JKL-19, 2017 U.S. Dist. LEXIS 222046, at \*10-11 (N.D. Ga. Oct. 5, 2017) (rejecting defendant's argument that he was improperly joined under Rule 8(b) "because the government has not provided any argument that links him or the alleged drug transactions to the alleged racketeering conspiracy or

6

enterprise" in light of the fact that the indictment alleged he was a member of a conspiracy and was involved in drug transactions in furtherance of that conspiracy), *adopted by* 2018 U.S. Dist. LEXIS 177402 (N.D. Ga. Oct. 15, 2018); *United States v. Omar*, No. 1:12-cr-00264-SCJ-RGV, 2012 U.S. Dist. LEXIS 185208, at *2, 19-20 (N.D. Ga. Dec. 7, 2012) (finding that the defendant was properly joined with co-defendants where he and the other co-defendants were charged with one count of conspiring to commit bribery and the defendant was charged with bribery in one of the other counts).

### B.   Whether Cases Should Be Severed Pursuant To Rule 14(a)

Even where joinder is proper, however, Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  When joinder is proper under Rule 8, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  A court addressing a motion for severance under Rule 14 is to "balance the rights of the defendants and the government to a trial that is free from the prejudice that may result from joint trials against the public's interest in efficient and economic

administration of justice." *United States v. Novaton*, 271 F.3d 968, 989 (11th Cir. 2001) (quoting *United States v. Pepe*, 747 F.2d 632, 649 (11th Cir. 1984)).

The Eleventh Circuit has noted that "[i]nherent in every joint trial is, of necessity, some degree of bias." *United States v. Lippner*, 676 F.2d 456, 464 (11th Cir. 1982) (quotation omitted).  The court explained in *Lippner* that "a severance under Rule 14 is discretionary with the trial judge," and "[o]nly in the event such prejudice appears to be compelling does severance become warranted."  *Id.* at 464 (quotation omitted).  The test for "compelling prejudice" involves assessing

> [w]hether under all circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.  In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him?  If so, though the task be difficult, severance should not be granted.

*Id.* (quotation omitted).  "The burden is on the defendant to demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997) (quotation omitted). "This is a heavy burden, and one which mere conclusory allegations cannot carry." *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (quotation omitted). Furthermore, "if the possible prejudice may be cured by a cautionary instruction[,] severance is not required."  *Id*. at 387.

8

Defendants argue that their cases should be severed because of: the prejudicial "spillover" effect of the jury not being able to distinguish between evidence concerning co-defendants unrelated to each moving Defendant and possibility the jury may impute guilt to one Defendant based on "voluminous" evidence concerning a co-defendant; the possibility that evidence admitted against some Defendants will not be admissible against others; and the possibility of "antagonistic defenses" between Defendants.  (*See* Doc. 125 at 1, 5; Doc. 129 at 4, 7-8; Doc. 138 at 3; Doc. 259 at 2-3).   The undersigned finds that Defendants have not shown specific prejudice resulting from a joint trial, nor have they shown a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

To the extent that Defendants are concerned about the jury's ability to distinguish between the evidence against each Defendant and that against his or her co-defendants, "[a] disparity in the evidence admissible against one defendant as compared to his co-defendant is not a sufficient basis for a severance." *United States v. Goduto*, No. 1:11-CR-230-JEC-GGB, 2011 U.S. Dist. LEXIS 152750, at *6-7 (N.D. Ga. Nov. 29, 2011), *adopted by* 2012 U.S. Dist. LEXIS 12723 (N.D. Ga. Feb. 2, 2012).   Similarly, "[t]he mere fact that some evidence is admissible against certain defendants and not others does not require severance." *Melvin*, 143 F. Supp. 3d at 1369; *see also United States v. Repke*, No. 1:10-CR-524-ODE-RGV, 2011 U.S. Dist.

LEXIS 37492, at *18 (N.D. Ga. Mar. 11, 2011) ("Furthermore, 'severance is not required if some evidence is admissible against some defendants and not others and a defendant is not entitled to severance because the proof is greater against a co-defendant.' " (quoting *United States v.* Jones, No. 1:06-CR-140, 2007 U.S. Dist. LEXIS 15927, at *13 (E.D. Tenn. Mar. 6, 2007)), *adopted by* 2011 U.S. Dist. LEXIS 37485 (N.D. Ga. Apr. 6, 2011). Defendants' "concern that a jury will be unable to sift through the evidence at trial and make an individual determination of guilt as to him [or her] is a concern in virtually any multi-defendant conspiracy case where the participants have disparate levels of participation." *Taylor*, 2018 U.S. Dist. LEXIS 179282, at *27. "As the Eleventh Circuit has explained, the general rule favoring joinder of defendants who have been indicted together applies to coconspirators, even if one defendant had a minimal level of participation in the conspiracy." *Id.* (citing *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989)). Critically, Defendants have not provided this Court with a basis for concluding that the jury will not be able to follow the Court's instructions, including those governing the jury's consideration of evidence as to each defendant. *See Zafiro*, 506 U.S. at 541; *Goduto*, 2011 U.S. Dist. LEXIS 152750, at *6-7. Many jury instructions are designed to mitigate the potential prejudicial effect of jointly trying defendants. For example, the Eleventh Circuit Pattern Jury Instructions for Criminal Cases include instructions on requiring the jury to consider each charge against each defendant separately, and directing the jury that a conclusion that one defendant's guilt should

not affect the jury's verdict as to other defendants.  *See, e.g.*, *United States v. Lisbon*, 835 F. Supp. 2d 1329, 1371 (N.D. Ga. 2011) (considering pattern jury instructions in concluding severance was not warranted).  If needed, the trial judge has the authority to craft additional limiting instructions.

Defendants' concerns about potential antagonistic defenses are similarly unpersuasive.  In *Zafiro* the defendants moved to sever their trials on the ground that their defenses were mutually antagonistic, but the district court denied their motions, and the Seventh Circuit affirmed, "[n]oting that 'mutual antagonism . . . and other . . . characterizations of the effort of one defendant to shift the blame from himself to a codefendant neither control nor illuminate the question of severance[.]' " 506 U.S. at 536-37 (quoting *United States v. Zafiro*, 945 F.2d 881, 886 (7th Cir. 1991)).  In affirming that judgment, the Supreme Court observed that "the Courts of Appeals have expressed the view that 'mutually antagonistic' or 'irreconcilable' defenses may be so prejudicial in some circumstances as to mandate severance," but "the courts have reversed relatively few convictions for failure to grant a severance on the grounds of mutually antagonistic or irreconcilable defenses" thus possibly indicating "the inability of defendants to prove a risk of prejudice in most cases involving conflicting defenses."  *Id.* at 538 (collecting cases).  The Court declined to adopt the defendants' proposed "bright-line rule, mandating severance whenever codefendants have conflicting defenses" because "[m]utually antagonistic defenses are not prejudicial *per se*.  Moreover, Rule 14 does not require severance even if

11

prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 538-39.

The Court considered the defendants' "theory . . . that when two defendants both claim they are innocent and each accuses the other of the crime, a jury will conclude (1) that both defendants are lying and convict them on that basis, or (2) that at least one of the two must be guilty without regard to whether the Government has proved its case beyond a reasonable doubt." *Id.* at 540.  The Court countered the first contention by noting that "[i]t is well settled that defendants are not entitled to severance merely because they have a better chance of acquittal in separate trials." *Id.*  As to the second contention, the Court found that "petitioners' scenario simply did not occur" in that case because "[t]he Government argued that all four petitioners were guilty and offered sufficient evidence as to all four petitioners." *Id.*  The Court also noted that the district court had "properly instructed the jury that the Government had 'the burden of proving beyond a reasonable doubt' that each defendant committed the crimes with which he or she was charged" and that the jury "must 'give separate consideration to each individual defendant and to each separate charge against him.  Each defendant is entitled to have his or her case determined from his or her own conduct and from the evidence [that] may be applicable to him or to her.' " *Id.* at 541.  Those instructions and others given by the trial court "sufficed to cure any possibility of prejudice." *Id.*

12

In this case, Defendants have not shown specific prejudice from a joint trial based on their conclusory assertions "that there exist 'antagonistic and mutually exclusive defenses' " between Defendants.  (*See* Doc. 129 at 7).  They have not specified the nature of their defenses, their co-defendants' defenses, how they would conflict, or how they would be prejudiced by that conflict.  Nor have they shown that that the jury will not be able to follow the Court's instructions.  *See Zafiro*, 506 U.S. at 541.

Finally, Defendant Thu Thi Phan also moved to sever the trial of her case from co-Defendant Binh Van Hoang's case pursuant to *Bruton v. United States*, 391 U.S. 123 (1968) because "[i]f Mr. Hoang decides to not testify in his own defense, Ms. Phan will be prevented from asserting her Sixth Amendment right to confront Mr. Hoang's statements" which might incriminate her.  (Doc. 182).  In *Bruton*, the Supreme Court "held that a defendant is deprived of his rights under the [Sixth Amendment's] Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant."  *Richardson v. Marsh*, 481 U.S. 200, 201-02 (1987). In response to Defendant's motion, the Government asserts that "at this stage of the proceeding, the Government does not intend to introduce a co-defendant's unredacted statement that would incriminate defendant Thu Thi Phan," and "if the Government were to seek to introduce such a redacted statement, the statement would be redacted to

delete any incriminating reference to defendant Thu Thi Phan, such that the statement would not, when considered in light of the Government's case, infer the defendant's guilt." (Doc. 191 at 9). "Otherwise, the Government would choose not to use the statement rather than create a *Bruton* problem that would require severance." (*Id.*). In light of the Government's representations, Thu Thi Phan's motion to sever based on *Bruton* concerns should be denied without prejudice to her right to renew the motion in the event the Government seeks to introduce a statement that would implicate those concerns.

Because Defendants have not shown at this point that compelling prejudice will result from a joint trial with their co-defendants, it is **RECOMMENDED** that their motions to sever (Docs. 125, 129, 138, 146, 157, 160, 182, 196, 259, 263) be **DENIED without prejudice** to their right to renew their motions if circumstances at trial support severance. If Defendants demonstrate compelling prejudice at trial, the trial court can order that the trials of the defendants be severed. *See, e.g.*, *Kopituk*, 690 F.2d at 1316 (noting that the trial court has a "continuing duty at all stages of the trial to grant a severance if prejudice does appear" (internal quotation omitted)); *United States v. Hughes*, No. 2:08-CR-0019-RWS-SSC, 2008 U.S. Dist. LEXIS 109585, at *11 (N.D. Ga. Oct. 3, 2008) ("Should it become apparent at a later point in the prosecution of this case that prejudice to Defendant from trial of all [defendants] together is 'clearly beyond the curative power of a cautionary

instruction,' Defendant may renew his motion."), *adopted by* 2009 U.S. Dist. LEXIS 69023 (N.D. Ga. Aug. 4, 2009).

## Summary

Defendants' Motions For Names Of Unindicted Co-Conspirators (Docs. 126, 145, 158, 197) are **DENIED AS MOOT**, but if the Government learns the identity of any unindicted co-conspirators it shall provide that information to Defendants within 10 days of receiving it.  It is **RECOMMENDED** that Defendants' Motions To Sever (Docs. 125, 129, 138, 146, 157, 160, 182, 196, 259, 263) be **DENIED** without prejudice to their right to renew them at trial if circumstances support severance.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 25th day of July, 2019.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge

15