FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

SEP 19 2019

JAMES N. HATTEN, Clerk
By: DP        Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | CRIMINAL ACTION NO. 2:18-CR-18-RWS |
| HUNG VAN NGUYEN, et al., Defendants. | |

# ORDER

This case is before the Court on the Report and Recommendation of Magistrate Judge J. Clay Fuller [Doc. No. 288].

## I. Legal Standard

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir.

1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendants object and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. Defendant Minh Nguyen (10)

Defendant Minh Nguyen has filed objections to the Report and Recommendation [Doc. No. 290]. Specifically, he argues that joinder is improper under Federal Rule of Criminal Procedure 8(b) and is unduly prejudicial under Federal Rule of Criminal Procedure 14(b). The Court will address these arguments in turn.

### A. Federal Rule of Criminal Procedure 8(b)

Federal Rule of Criminal Procedure 8(b) provides:

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series

2

of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Defendant Nguyen argues that the indictment does not allege and evidence produced in discovery does not show that Defendants are linked by a common "act or transaction, or in the same series of acts or transactions."

To satisfy this requirement, the Government "must demonstrate that the alleged acts are united by substantial identity of facts or participants; however, there is no requirement that each participant participate in all acts or even know the other participants' roles in the alleged activities." United States v. Holloway, 971 F.2d 675, 679 (11th Cir. 1992). Moreover, joinder is proper where, as here, the indictment charges multiple defendants with participation in a single conspiracy. United States v. Alvarez, 755 F.2d 830, 857 (11th Cir. 1985). The general rule is that defendants indicted together should be tried together, especially in conspiracy cases. United States v. Chavez, 584 F.3d 1354, 1360 (11th Cir. 2009). Significantly, Rule 8(b) is a pleading rule, and courts look to the indictment to determine whether joinder is proper under that rule. United States v. Liss, 265 F.3d 1220, 1227 (11 Cir. 2001); United States v. Melvin, 143 F.Supp.3d 1354, 1363 (N.D. Ga. 2015).

The Court has conducted a *de novo* review. Here, the indictment charges all Defendants with participating in a conspiracy to manufacture, distribute, and possess

with intent to distribute marijuana and then charges each Defendant with the substantive offense of manufacturing and/or possessing marijuana with intent to distribute [Doc. No. 1]. However, Defendant Nguyen correctly points out that the Government has not provided substantial evidence of common acts and transactions that link all of Defendants. Instead, the Government points to, for example, evidence regarding the joint purchase of a vehicle years before the alleged conspiracy, evidence that may be explained by an innocent explanation, such as economic links in a small immigrant community. At this time, the Court is relying upon representations made by the Government that these Defendants are linked by more than just a common nationality, but if the Government's evidence fails to establish the link, the Court will reconsider the severance issue at the appropriate time. In such event, Defendants may renew their motion.

### B. Federal Rule of Criminal Procedure 14(a)

Even whether joinder is proper under Rule 8(b), Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Again, the Court acknowledges that there may indeed be a prejudicial "spillover" effect depending upon evidence produced by the Government

that further links Defendants. However, assuming the Government is able to prove a conspiracy, the effect of that evidence is not sufficient to warrant severance.

### C. Conclusion

For the reasons discussed above, Defendant's objections [Doc. No. 290] are OVERRULED.

### III. Other Moving Defendants

Defendant Ming Luong has also filed objections to the Report and Recommendation [Doc. No. 292]. She has filed a Motion to Adopt [Doc. No. 293] the objections filed by Defendant Minh Nguyen [Doc. No. 290]. Defendant Luong's Motion to Adopt [Doc. No. 293] is GRANTED.

Defendant Nam Van Dao has also filed a Motion to Adopt [Doc. No. 295], which is GRANTED.

### IV. Conclusion

For the reasons discussed above, Defendants' objections [Doc. Nos. 290, 291, 292, 293, and 295] are OVERRULED, and the Report and Recommendation [Doc. No. 288] is hereby approved and adopted as the opinion and order of this Court. Defendants' Motions to Sever [Doc. Nos. 125, 129, 138, 146, 157, 160, 182, 196, 259, and 263] are DENIED.

**SO ORDERED** this 19th day of September, 2019.

RICHARD W. STORY
United States District Judge